**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

Trey Dayes (AZ. Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ. Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins-(AZ. Bar # 030351)
johnc@phillipsdayeslaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Nick Henslee, a single man; Charles Lyles, a single man; Nicole Nelson, a single woman; on behalf of themselves and other similarly situated individuals<br><br>Plaintiffs,<br><br>vs.<br><br>Chromalloy Gas Turbine, LLC, a Delaware Limited Liability Company Doing Business As Chromalloy, an Arizona registered trade name<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs allege as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals,

the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.    Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.    Plaintiffs brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4.    For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of allowing its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week by rounding down the time they worked to the subsequent hour.

5.    For at least three (3) years prior to the filing of this action, Plaintiffs worked at least two to three (2-3) hours in excess of forty (40) hours per week and was not paid time and a half.

6.    Plaintiffs and all similarly situated employees seek to recover unpaid overtime compensation, regular wage compensation, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiffs are and continue to be residents of Maricopa County, Arizona.

11. At all times material hereto, Chromalloy Gas Turbine, LLC was incorporated in the State of Delaware and has its principal place of business at 5161 Polk Street, Phoenix, AZ 85043.

12. Upon information and belief, and consistent with information provided by the Arizona Department of State, Chromalloy Gas Turbine, LLC operates under the registered trade name, Chromalloy, which does business at 5161 Polk Street, Phoenix, AZ 85043.

13. At all relevant times, Plaintiffs and all similarly situated employees were "employees" of Defendants, as defined by 29 U.S.C. §203(e)(1).

14. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA

apply to Defendants

15. At all relevant times, Defendants were and continues to be an employer as defined in 29 U.S.C. § 203(d).

16. At all times material to this action, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

17. At all times material to this action, Chromalloy Gas Turbine, LLC, Inc, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

18. Upon information and belief, at all relevant times, the annual gross revenue of Jar Imports Corporation , exceeded $500,000.00

19. The additional persons who may become Plaintiffs s in this action "worked" for Chromalloy Gas Turbine, LLC, held similar positions as non-exempt employees as Plaintiffs, and worked at least one (1) hours in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for all of their hours worked in excess of forty (40) hours, or were misclassified as independent contractors.

20. As required by 29 U.S.C. § 216(b), Plaintiffs' Consent to Become a Party Plaintiffs will be filed contemporaneously to this Complaint.

## FACTUAL BACKGROUND

21. Plaintiff Henslee was hired by Defendants in February of 2011 as a non-exempt hourly paid water treatment technician.

22.     Plaintiff Henslee's main job responsibility was to perform water treatment services for clients of the Defendants.

23.     Plaintiff Henslee was paid a rate of $22.75 per hour.

24.     Plaintiff Lyles was hired in March of 2011 as a non-exempt hourly paid shipping and receiving clerk.

25.     Plaintiff Lyles was paid a rate of $14.15 per hour.

26.     Plaintiff Lyles' main job responsibility was to assist in the delivery and receipt of merchandise ordered by clients of the Defendants or by the Defendants themselves.

27.     Plaintiff Nelson was hired in October 2012 as a non-exempt hourly paid buyer.

28.     Plaintiff Nelson's job responsibility was to purchase products requested by maintenance and engineering employees.

29.     Plaintiff Nelson was paid a rate of $14 per hour.

30.     Plaintiffs were non-exempt employees.

31.     Plaintiffs were not managers.

32.     Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

33.     From October 2010 through the present, Defendants failed to properly compensate Plaintiffs for their overtime hours.

34.     During this time, Plaintiffs routinely worked in excess of 40 hours per week and not be compensated at time and one half her hourly rate for hours above 40 in those weeks.

35.     Defendants had a policy of rounding down all of their employee's hours. For example, if an employee worked 8.4 hours in a day, Defendants would only pay the employee

for 8 hours.

36. Plaintiff Henslee sent Defendants written correspondence citing the violations of the FLSA and demanding to be paid appropriately.

37. Defendants have not changed their policy.

38. Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were/was willful.

39. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of his rights under the FLSA.

40. From October of 2010 and continuing through the present, Defendants failed to properly compensate Plaintiffs and all similarly situated employees for any of their overtime hours. During this time, Plaintiffs and all similarly situated employees were regularly scheduled to work approximately 40-45 hours per week. Plaintiffs also routinely worked additional shifts.

41. Similarly situated individuals are all employees who worked for Defendants since October 2010 through the present who had their hours rounded down by Defendants.

42. Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

43. Plaintiff seek to represent all similarly situated employees to whom Defendant refused to pay the overtime when due pursuant to 29 U.S.C. § 207.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

44. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

45. While employed at Chromalloy Gas Turbine, LLC, Plaintiffs and all similarly situated employees consistently and regularly worked multiple hours of overtime a week.

46. Defendants have intentionally failed and/or refused to pay Plaintiffs and all similarly situated employees' overtime according to the provisions of the FLSA.

47. Chromalloy Gas Turbine, LLC further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated employees in accordance with § 207 of the FLSA.

48. There are numerous similarly situated employees and former employees of Chromalloy Gas Turbine, LLC who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

49. The similarly situated employees are approximately 1000 present and former employees who have been subject to the same clock/rounding down policy as Plaintiffs.

50. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Chromalloy Gas Turbine, LLC's records. Specifically, all current employees and former employees of Defendant who have been employed with Chromalloy Gas Turbine, LLC would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

51. As a result of Chromalloy Gas Turbine, LLC's violations of the FLSA, Plaintiffs and all similarly situated employees have suffered damages by failing to receive compensation

in accordance with § 207 of the FLSA.

52. Under 20 U.S.C. §216 Defendants are liable to Plaintiffs and all similarly situated employees for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

53. In addition to the amount of unpaid wages owed to Plaintiffs and all similarly situated employees are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

54. Chromalloy Gas Turbine, LLC's actions in failing to compensate Plaintiffs and all similarly situated employees, in violation of the FLSA, was willful.

55. Chromalloy Gas Turbine, LLC has not made a good faith effort to comply with the FLSA.

56. Plaintiffs is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiffs and all similarly situated employees overtime compensation in the amount due to him for all of Plaintiffs and all similarly situated employees' time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiffs and all similarly situated employees 's regular rate while at work at Defendant Chromalloy Gas Turbine, LLC;

    b. Awarding Plaintiffs and all similarly situated employees liquidated damages

        in an amount equal to the overtime award;

c. Awarding Plaintiffs and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiffs' and all similarly situated employees ' costs incurred in this action;

e. Awarding Plaintiffs and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiffs and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. Granting Plaintiffs an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiffs; and

h. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## <u>DECLATORY JUDGMENT</u>

57. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

58. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

59. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

60. Plaintiffs may obtain declaratory relief.

61. Defendant employed Plaintiffs.

62. Defendant is an enterprise covered by the FLSA.

63. Plaintiffs are individually covered by the FLSA.

64. On certain occasions, Plaintiffs was not compensated at a rate of at least minimum wage for work performed for Defendants.

65. Plaintiffs is entitled to overtime wages pursuant to 29 U.S.C. §207.

66. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

67. Plaintiffs is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

68. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

69. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

70. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor

against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

    b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    c. For Plaintiffs' costs incurred in this action.

    d. Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  October 23, 2013          Respectfully submitted,

                                        **PHILLIPS DAYES LAW GROUP PC**

                                        /s/ Trey Dayes
                                        Trey Dayes
                                        treyd@phillipslaw.com
                                        Attorney for Plaintiffs